UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND THOMAS GRAVES,

    Petitioner,                       Civil No. 2:07-10463
                                     HONORABLE BERNARD A. FRIEDMAN
v.                                     CHIEF UNITED STATES DISTRICT JUDGE

KENNETH ROMANOWSKI,

    Respondent,
_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS

Raymond Thomas Graves, ("Petitioner"), presently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for conspiracy to deliver or manufacture more than 650 grams of cocaine, M.C.L.A. 333.7401(2)(a)(i); M.S.A. 750.157a. For the reasons stated below, the petition for writ of habeas corpus is **DENIED.**

### I. Background

Petitioner was convicted of the above offense following a jury trial in the Oakland County Circuit Court. This Court recites verbatim the relevant facts regarding petitioner's conviction from the Michigan Court of Appeals' opinion affirming his conviction, which are presumed correct on habeas review. *See Long v. Stovall,* 450 F. Supp. 2d 746, 749 (E.D. Mich. 2006):

1

On June 6, 2002, police began to investigate Ronald Graves with the assistance of a confidential informant who placed four recorded telephone calls to Graves at approximately 3:00 p.m. to set up a cocaine purchase to be made that evening. The informant and Graves made a deal to purchase a "big eight" and a quarter kilogram of cocaine. Ronald Few, who was to be paid $ 100 for transporting the drugs, would arrive at Charlie's Roost on a "sports type motorcycle." When the police apprehended Few at Charlie's Roost at approximately 6:00 p.m., they recovered a "big eight" and another softball-sized ball of cocaine from his person.

Based on information from Few, the police conducted surveillance of a house in Pontiac beginning at approximately 7:00 p.m. Officer Sean Jennings saw defendant pull up at the house and enter. He also saw Graves exit the house several times talking on a cellular telephone. There were no vehicles at the house other than defendant's. Defendant was in the house for approximately ninety minutes before the search warrant was executed. After the police announced that they had a search warrant and entered the home, the occupants attempted to flee. Defendant was apprehended in the backyard. Graves was apprehended a few houses away. Ernesto Gonzalez was arrested in the house.

Afterward, police searched the house, which was approximately 900 square feet. On a table, there were numerous cutting agents, mixing bowls, a scale, a tin box containing unpressed cocaine, and a cocaine press, which required two people to operate. There were also packaging materials and baggies containing "big eights" of cocaine and cocaine in powdered form. In a bedroom, there were eleven packages of pressed cocaine and more powdered cocaine. The police also found drugs hidden in a vent in the kitchen.

A search of defendant's vehicle uncovered no drugs or drug paraphernalia. Police officers did not observe cocaine residue on defendant, Graves, or Gonzalez. Graves' fingerprints were found on a glass baking pan and a knife. The total weight of the samples taken from the house was 881.15 grams. The drugs had a street value of approximately $ 200,000.

The house was determined to belong to Few's aunt. The plumbing did not work and the electrical system had been shut off, but electricity was

"tapped into the lines from outside and kind of jerry rigged...." The house had no gas, no hot water, and there was a carbon monoxide leak. It did not appear that anyone was living there. There were no security locks or bars on the house.
*People v. Graves,* 247659, No. 1-2 (Mich. Ct. App. June 15, 2004). [1]

Petitioner's conviction was affirmed on appeal. *Id.* (White, J., concurring), *lv. den.* 471 Mich. 951; 690 N.W. 2d 108 (2004). Petitioner filed an application for writ of habeas corpus, which was dismissed without prejudice on the ground that petitioner had failed to exhaust one of his claims. *Graves v. Romanowski,* U.S.D.C. No. 05-CV-70485 (E.D. Mich. February 16, 2005). Petitioner then filed a post-conviction motion for relief from judgment with the trial court, which was denied. *People v. Graves,* No. 02-185415-FC (Oakland County Circuit Court, November 18, 2005). The Michigan appellate courts denied petitioner leave to appeal. *People v. Graves,* No. 267778 (Mich.Ct.App. July 27, 2006); *lv. den.* 477 Mich. 949; 723 N.W. 2d 873 (2006).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

> I. The evidence was insufficient to support petitioner's conviction for conspiracy to deliver or manufacture over 650 grams of cocaine.
>
> II. Trial court erred when it allowed the jury to hear recorded conversations when prosecution had not proved the existence of a

---

[1] Petitioner claims that the Michigan Court of Appeals' opinion contains several factual inaccuracies which erroneously confused some of petitioner's actions with his brother Ronald Graves' actions. Contrary to petitioner's allegations, the Michigan Court of Appeals did not confuse petitioner's actions with his brother's. Throughout the opinion, it is obvious that the Michigan Court of Appeals referred to petitioner as "defendant" and referred to his brother as "Graves." Therefore, petitioner has failed to show that the Michigan Court of Appeals' factual determination was erroneous in this case.

3

conspiracy by a preponderance of the evidence.

III.  Petitioner's Sixth Amendment right to be confronted with the witness against him was violated.

## II.  Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

4

### III. Discussion

**A. Claim # 1. The sufficiency of evidence claim.**

Petitioner first claims that there was insufficient evidence to convict him of conspiracy to deliver or manufacture 650 or more grams of cocaine, claiming that the evidence, at best, established that he was merely present when his co-defendants were manufacturing the cocaine.

A majority of the Michigan Court of Appeals rejected petitioner's claim that he was merely present, finding that there was sufficient evidence presented that petitioner was involved in the conspiracy, in light of the fact that he remained at a house for ninety minutes where the only activity taking place was a large scale cocaine production and packing operation which took more than one person to operate. The majority further noted that petitioner remained inside even when his brother stepped outside to talk on the telephone. Petitioner had the only vehicle at the house. Further, the fact that the house contained $ 200,000.00 of cocaine and was not secured would lead a rational trier of fact to believe that the cocaine was about to be moved from the home. Finally, when the police entered the home, petitioner and his brother attempted to flee out of the back door, which was proof of consciousness of guilt. *Graves,* Slip. Op. at * 4. Judge White, in her concurrence, believed that petitioner's "location in the manufacturing area, the apparently active operation, the need for more than one person to operate the [cocaine] press, and defendant's flight" provided sufficient evidence to convict

him of conspiracy. *See Graves,* Concurring Opinion, at * 1*.*

A habeas court reviews claims that the evidence at trial was insufficient for a conviction by asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Scott v. Mitchell*, 209 F. 3d 854, 885 (6th Cir. 2000)(citing to *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Because a claim of insufficiency of the evidence presents a mixed question of law and fact, this Court must determine whether the state court's application of the *Jackson* standard was reasonable. *See Dell v. Straub*, 194 F. Supp. 2d 629, 647 (E.D. Mich. 2002). A conviction may rest on circumstantial evidence and a federal habeas court reviewing the sufficiency of evidence to support a conviction need not rule out all possible interpretations of the circumstantial evidence. *Id.* A conviction may be based upon circumstantial evidence as well as inferences based upon the evidence. *Id.*

Under Michigan law, conspiracy is an agreement, either express or implied, between two or more persons to commit an unlawful or criminal act. *People v. Weathersby*, 204 Mich. App. 98; 111; 514 N. W. 2d 493 (1994). Because conspiracy is a specific intent crime, it requires both an intent to combine with others and the intent to accomplish the illegal objective. *People v. Carter*, 415 Mich. 558, 568; 330 N. W. 2d 314 (1982). Direct proof of an agreement is not required, nor is proof of a formal agreement necessary.

6

Rather, it is sufficient that the circumstances, acts, and conduct of the parties establish an agreement. *People v. Cotton*, 191 Mich. App. 377, 393; 478 N. W. 2d 681 (1991). A conspiracy may be proven by circumstantial evidence or may be based on inference. *Id.*

> The elements of conspiracy to deliver controlled substances are:
> (1) the defendant possessed the specific intent to deliver the statutory minimum as charged,
> (2) his coconspirators possessed the specific intent to deliver the statutory minimum as charged, and
> (3) the defendant and his coconspirators possessed the specific intent to combine to deliver the statutory minimum as charged to a third person.

*People v. Justice* (After Remand), 454 Mich. 334, 349; 562 N.W.2d 652 (1997).

When the totality of the circumstances of this case are considered, there was sufficient circumstantial evidence from which a rational trier of fact could reasonably infer that petitioner was an active participant in this conspiracy. In a drug conspiracy prosecution, circumstances altogether inconclusive, if separately considered, may, by their number and joint operation, be sufficient to constitute conclusive proof of guilt. See *U.S. v. Quiroz-Hernandez*, 48 F. 3d 858, 866 (5th Cir. 1995)(internal quotation omitted). In this case, there was ample evidence to support a finding that petitioner was an active member of this conspiracy.

First, petitioner was present at a house where given the enormous amount of drugs and drug paraphernalia, "it was clear that processing of cocaine" and

7

the "subsequent trafficking thereof was the predominant activity[;]," so as to support an inference that petitioner knowingly participated in this conspiracy. *See United States v. Lloyd,* 10 F. 3d 1197, 1211 (6th Cir. 1993). Moreover, the fact that petitioner was present while the cutting and processing of this cocaine was taking place further establishes that he was more than merely present but was instead an active member of the conspiracy. *See United States v. Miller,* 227 Fed. Appx. 446, 454-55 (6th Cir. 2007). The fact that petitioner was entrusted with the safekeeping of such large quantities of cocaine while his brother stepped outside of the house for long periods of time further supports the inference that petitioner was actively involved in the conspiracy. *See U.S. v. Phibbs,* 999 F. 2d 1053, 1065 (6th Cir. 1993). In addition, the fact that petitioner remained for over ninety minutes at a house strewn with evidence of a large scale cocaine operation further defeats his claim that he was merely present. *See U.S. v. Batista-Polanco,* 927 F.2d 14, 18 (1st Cir. 1991). Finally, the fact that petitioner attempted to flee the house when it was raided is circumstantial evidence of his involvement in the conspiracy. *See U.S. v. Forrest,* 17 F. 3d 916, 919 (6th Cir. 1994).

    The circumstantial evidence in this case raises a reasonable inference to refute petitioner's claim that he was merely present while a large scale cocaine manufacturing operation was taking place. Common sense would indicate that the other participants in this cocaine manufacturing and distribution scheme

would not have permitted a "noncontributing interloper" to remain for ninety minutes at a house where an obviously large cocaine operation was taking place. *Batista-Polanco,* 927 F. 2d at 18; *See also United States v. Staten*, 581 F. 2d 878, 885 (D.C. Cir. 1978)(presence in small apartment replete with indicia of ongoing drug-distribution enterprise in open view "could rationally have been viewed as a privilege reserved exclusively for participants"). A "factfinder may fairly infer....that it runs counter to human experience to suppose that criminal conspirators would welcome innocent nonparticipants as witnesses to their crimes." *Batista-Polanco,* 927 F. 2d at 18.

Because a rational trier of fact could have concluded that petitioner conspired with his brother and the other men to deliver or manufacture over 650 grams of cocaine, the Michigan Court of Appeals' conclusion that there was sufficient evidence to convict petitioner of the conspiracy charge was not an unreasonable application of *Jackson.* Petitioner is therefore not entitled to habeas relief on his first claim. *See Sanders v. McKee,* 276 F. Supp. 2d 691, 697 (E.D. Mich. 2003).

**B. Claims # 2 and # 3. The hearsay evidence/Confrontation Clause claims.**

The Court will discuss petitioner's second and third claims together because they are interrelated.

In his second claim, petitioner contends that the trial court erred in

admitting recorded telephone conversations made between a confidential informant, Ronald Graves, and Few pursuant to M.R.E. 801(d)(2)(E), because the prosecution had failed to establish by a preponderance of the evidence that a conspiracy existed. The Michigan Court of Appeals rejected petitioner's claim, concluding that the evidence was sufficient to prove the existence of a conspiracy so as to permit the introduction of these tape-recorded telephone conversations as an exception to the hearsay rule found in M.R.E. 801(d)(2)(E). *Graves,* Slip. Op. at * 2-3.

What is or is not hearsay evidence in a state court trial is governed by state law. *See Johnson v. Renico,* 314 F. Supp. 2d 700, 705 (E.D. Mich. 2004)(internal citations omitted). The Michigan Court of Appeals determined that it was proper to admit these tape recordings under the co-conspiracy exception to the hearsay rule. A federal habeas court is bound by a state appellate court's ruling that certain testimony is not hearsay, because state law governs questions concerning the admissibility of evidence. *Id.* at 706. Petitioner's claim that the trial court violated his right to a fair trial when it admitted these tape recorded conversations into evidence without a proper foundation for doing so under the co-conspirator exception to the hearsay rule found in M.R.E. 801(d)(2)(E) raises only an error of state law that is non-cognizable in federal habeas review. *See David v. Lavinge,* 190 F. Supp. 2d 974, 981-82 (E.D. Mich. 2002). Petitioner is not entitled to habeas relief on his

10

second claim.

In his third claim, petitioner contends that the admission of these tape-recorded conversations violated his Sixth Amendment right to confrontation. [2]

Out of court statements that are testimonial in nature are barred by the Sixth Amendment Confrontation Clause unless the witness is unavailable and the defendant has had a prior opportunity to cross-examine the witness, regardless of whether such statements are deemed reliable by the court. *See Crawford v. Washington,* 541 U.S. 36 (2004). However, the Confrontation Clause is not implicated, and thus does not need not be considered, when non-testimonial hearsay is at issue. *See Davis v. Washington*, 126 S. Ct. 2266, 2274 (2006). Testimonial statements do not include remarks made in furtherance of a conspiracy. *Crawford,* 541 U.S. at 56.

Courts which have addressed this issue have uniformly held that statements made by one participant to another which are intended to further the criminal enterprise are non-testimonial in nature. *See United States v. Martinez,* 430 F. 3d 317, 329 (6th Cir. 2005)(collecting cases). In the present case, the admission of tape recorded statements of petitioner's co-conspirators which

---

[2] Respondent contends that petitioner's third claim is procedurally defaulted. "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F. 3d 212, 215 (6th Cir.2003)(citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. Because petitioner is not entitled to habeas relief on his third claim, it is easier to address the merit of this claim.

11

were made in furtherance of the drug conspiracy did not violate petitioner's Sixth Amendment right of confrontation. *See U.S. v. Stover,* 474 F. 3d 904, 912-13 (6th Cir. 2007). Petitioner is not entitled to habeas relief on his third claim.

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002). A district court therefore has the power to deny a certificate of appealability *sua sponte. See Dell,* 194 F. Supp. 2d at 658.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because petitioner has failed to make a substantial

showing of the denial of a federal constitutional right. *Dell,* 194 F. Supp. 2d at 659. The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Id.*

## V. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

          ___s/Bernard A. Friedman_____
          **HON. BERNARD A. FRIEDMAN**
          CHIEF UNITED STATES DISTRICT JUDGE

DATED: February 11, 2008